# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| BRIAN R. BRADFORD, | : |
| Plaintiff, | : |
| VS. | : |
| | : 3 : 10-CV-41 (CDL) |
| Captain BURKE, Head Nurse BECKY, and Deputy J. HILBURN, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

The Plaintiff filed this action on June 22, 2010, raising claims of deliberate indifference to his serious medical needs pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff was ordered to file a Recast Complaint regarding his claims by Order dated July 13, 2010, with said Recast Complaint to take the place of and be substituted for the Complaint and all previously filed supplements thereto. (Doc. 9). Plaintiff filed an Amended Complaint in response to the Order to Recast Complaint on July 21, 2010, and that same day the Court issued an Order directing that Plaintiff's claims proceed against Defendants "Head Nurse Becky", identified in her Answer as Rebecca Williams, as well as Captain Burke and Deputy J. Hilburn. (Docs. 12, 13). Presently pending herein are Plaintiff's motions seeking discovery materials, Motion for Summary Judgment, motions seeking a trial date, and Motion for Appointment of Counsel. (Docs. 30, 32, 33, 34, 55, 57, 62). Also pending herein are motions for summary judgment filed on behalf of Defendant Rebecca Williams and Defendants Burke and Hilburn. (Docs. 43, 46).

The Plaintiff is an insulin-dependent diabetic who contends that during his incarceration at the Athens-Clarke County Jail in Athens, Georgia between April 7, 2010 and June 8, 2010, the meals he was provided were inadequate to meet his dietary needs resulting from his diabetic condition. Defendants Williams, Burke and Hilburn are employed at the Athens-Clarke County

Jail, and allegedly denied Plaintiff proper meals during his incarceration at the facility.

*Motions for discovery*

Plaintiff has filed several motions seeking discovery materials. (Docs. 30, 33, 55). In his Motion for Discovery and Motion for Order permitting inspection of material and property, the Plaintiff seeks the production of documents and video footage from the Defendants. Inasmuch as these motions appear to be initial requests for discovery information, which are governed by the Federal Rules of Civil Procedure, these requests present nothing for the Court's consideration and are hereby **DENIED** as moot. (Docs. 30, 33).

Plaintiff's Motion for Taking Deposition of a person confined in prison was executed and filed by the Plaintiff outside of the close of the discovery period herein. (Doc. 55). Discovery ended on December 23, 2010 as to Defendants Hilburn and Burke and on December 26, 2010 as to Defendant Williams, and Plaintiff executed his Motion for Taking Deposition on December 30, 2010. None of the parties has sought either an extension or a reopening of the discovery period. Further, Plaintiff's motion seeks to have his own deposition taken, which is not provided for by the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Motion for Taking Deposition is hereby **DENIED**.

The Court notes that Plaintiff filed a "Brief in Support of Motion to Compel Discovery" on January 3, 2011, executed on December 27, 2010. (Doc. 52). However, Plaintiff has not filed a Motion to Compel in this case. If the "Brief in Support of Motion to Compel Discovery" is intended to be a motion to compel, this motion was filed after the close of discovery herein, and is likewise denied as untimely.

*Motion for appointment of counsel*

Plaintiff has petitioned this court to appoint legal counsel to represent him in this proceeding. (Doc. 62). Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir.

1975); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** at this time.

*Motions for Summary Judgment*

Plaintiff filed a Motion for Summary Judgment on November 15, 2010. (Doc. 32). Defendants Williams and Defendants Burke and Hilburn filed two separate motions for summary judgment on December 22, 2010. (Docs. 43, 46). The Court notified Plaintiff of the filing of the Defendants' motions for summary judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Docs. 50, 51). Plaintiff has filed a response to Defendants' motions for summary judgment (Doc. 56).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information,

> affidavits or declarations, stipulations (including those made for
> purposes of the motion only), admissions, interrogatory answers,
> or other materials; or
> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

*Plaintiff*

In his Motion for Summary Judgment, the Plaintiff asserts that he is entitled to the entry of judgment in his favor based on the facts of this case and Defendants' alleged failure to respond to discovery requests. Making all factual and credibility determinations in favor of the Defendants, the nonmoving parties herein, it is clear that the Plaintiff has failed to satisfy his burden of establishing that no genuine issues of material fact remain in this case. Plaintiff's summary judgment motion consists merely of a reiteration of his claims as set out in his Complaint, in addition to summary conclusions that the facts as alleged establish the violation of his constitutional rights. Moreover, there is no evidence before the Court that the Defendants have failed to respond to properly propounded discovery requests. Accordingly, it is the

Recommendation of the undersigned that the Plaintiff's Motion for Summary Judgment be **DENIED**.

*Defendants Burke and Hilburn*

In their Motion for Summary Judgment, Defendants Burke and Hilburn assert in part that Plaintiff has failed to fully exhaust his administrative remedies in regard to his underlying claims against them, as required by the Prison Litigation Reform Act ("PLRA"). (Doc. 46). In asserting that they are entitled to the entry of summary judgment, Defendants rely on the affidavits of Jack Mitchell, Jail Commander at the Athens-Clarke County Sheriff's Office, as well as the affidavits of Defendant Burke and Defendant Hilburn. (Doc. 46). Defendants Burke and Hilburn have also submitted the Athens-Clarke County Jail grievance policy and copies of grievances filed by the Plaintiff while confined at the Athens-Clarke County Jail. *Id.*

Although Defendants Burke and Hilburn raise the issue of exhaustion of administrative remedies in their Motion for Summary Judgment, the Eleventh Circuit has made it clear that the issue of exhaustion is to be treated and resolved as a motion to dismiss. "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits]", a defense of failure to exhaust should be treated as a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008); *see also Cox v. Grayer*, 2010 WL 1286837 (N.D.Ga. Mar. 29, 2010) (granting the motion for summary judgment on the grounds of failure to exhaust and dismissing the plaintiff's complaint without prejudice).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

By means of the affidavit testimony of Jack Mitchell, Jail Commander at the Athens-Clarke County Jail, Defendants Burke and Hilburn show that the Athens-Clarke County Jail had in place a grievance process at the time of the events underlying this lawsuit. (Doc. 46, Exh. 2, ¶ 4). Pursuant to the Inmate Grievance Policy for the Athens-Clarke County Jail, an inmate with a grievance is required to submit a complaint to a deputy in the inmate's assigned housing unit. If the deputy cannot resolve the complaint informally, the deputy initials and dates the complaint form, returns it to the inmate, and advises the inmate that he has 15 days from the date written on the form

to sign the complaint and submit it as a formal grievance for further review. Upon receipt of a formal grievance, Classification Unit members investigate the grievance and provide a response to the inmate. Inmates may appeal the response of the Classification Unit to a formal grievance by filing a first appeal with the Jail Commander. If not satisfied with the response from the Jail Commander, an inmate may file a final appeal with the Sheriff. (Doc. 46, pp. 15-27). The final appeal ends the administrative grievance process at the Athens-Clarke County Jail. *Id.,* p. 27.

According to the testimony of Jail Commander Jack Mitchell, Plaintiff filed only two grievances while confined at the Athens-Clarke County Jail during the time period in question which dealt with either Defendant Hilburn or made reference to the diet Plaintiff was receiving at the jail. (Doc. 46, Exh. 2, ¶ 9). Both of these formal grievances were denied. Plaintiff did not appeal either of these grievances to the Jail Commander or to the Sheriff. *Id.* at ¶¶ 7, 8.

Thus, although Plaintiff filed two grievances at the Athens-Clarke County Jail, the Plaintiff failed to appeal either of these grievances and did not exhaust all available administrative remedies regarding his claims. Plaintiff has not disputed the testimony or evidence presented by the Defendants in regard to the administrative exhaustion of his claims. Plaintiff in fact states in his Recast Complaint that he did not appeal any denial of his grievances to the highest level possible, as he "was trying to see if they where [sic] going to make some changes, but there where [sic] none". (Doc. 12, ¶ 9(d)(2)). Moreover, Plaintiff has not disputed the Defendants' contention that his claims remain unexhausted, based on his failure to file available appeals of the denial of his jail grievances.

Complete administrative exhaustion is a precondition to filing a lawsuit, and exhaustion must comply with the deadlines and procedures in place. *Woodford*, 548 U.S. at 88. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process. *Id.* Inasmuch as the Plaintiff failed to "use all steps" in the Athens-Clarke County Jail grievance process, his claims against Defendants Burke and Hilburn remain unexhausted and this § 1983 action based thereon is barred. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a

7

state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."); *Brook v. Donald*, 2008 WL 623204 (CDL).

As Plaintiff has failed to exhaust the administrative remedies available to him, it is the recommendation of the undersigned that Defendants Burke and Hilburn's Motion for Summary Judgment which is treated as a motion to dismiss, be **GRANTED** based on the exhaustion argument. As this is a matter in abatement, it is further recommended that Plaintiff's Complaint as to Defendants Burke and Hilburn be **DISMISSED WITHOUT PREJUDICE**.

*Defendant Williams*

Defendant Williams asserts that she is entitled to the entry of summary judgment as to Plaintiff's claims of deliberate indifference against her. Defendant Williams asserts that she lacks responsibility or authority to alter or set an inmate's dietary plans.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

In support of her Motion for Summary Judgment, Defendant Williams relies on her affidavit testimony as well as on Plaintiff's medical records from Southern Health Partners, Inc.

8

(Docs. 43, 54). Defendant Williams testifies that she is employed by Southern Health Partners, Inc. ("SHP"), which contracts with jails to provide medical services to inmates. (Doc. 43, Williams Aff. at ¶¶ 2, 3). Defendant Williams is employed by SHP as a nurse and as the medical team administrator at the Athens-Clarke County Jail. *Id.* at ¶¶ 4,5.

Defendant Williams further testifies that the Athens-Clarke County Jail has formulated special diabetic meal plans for inmates who suffer from diabetes, such as the Plaintiff, based on the guidelines of the American Diabetic Association. *Id.* at ¶ 9. The SHP medical staff at the jail determines whether an inmate should receive a special diabetic diet, which will then be created and implemented by the jail staff. *Id.* at ¶ 10. "The SHP medical staff has no control over what makes up the diabetic meal plans." *Id.* The Plaintiff was determined to suffer from Type I diabetes upon his entry into the Athens-Clarke County Jail in April 2010, and based on this determination, the jail staff was informed of the Plaintiff's dietary needs. *Id.* at ¶¶ 13-15.

Defendant Williams testifies that the Plaintiff was provided with medical treatment when he sought such treatment at the Athens-Clarke County Jail, including occasions when his blood sugar levels dropped below normal. *Id.* at ¶¶ 18-28. Plaintiff's medical records confirm daily administration of insulin to the Plaintiff as well as treatment for various ailments. (Doc. 54). Defendant Williams states, "I do not recall ever personally speaking with Mr. Bradford concerning his meal plan . . . I have no control over what food is served in any of the meals to any of the inmates, including the diabetic meal plans. The [Athens-Clarke County] Jail creates the diabetic meal plans for the inmates." (Doc. 43, Williams Aff. at ¶¶ 30, 33).

Defendant Williams has met her burden to establish the absence of a genuine issue of material fact regarding the care provided for the Plaintiff in regard to his diabetic diet. The burden now shifts to the Plaintiff to rebut Defendant William's summary judgment showing. *Celotex*, 477 U.S. at 324.

In response to Defendant Williams' Motion for Summary Judgment, the Plaintiff

contends that Nurse Williams failed to advise the shift officer in the Plaintiff's dorm regarding his dietary needs, specifically that he required a 2100 calorie diet as opposed to an 1800 calorie diet, causing Plaintiff to "become sickly". (Doc. 56, p. 5).

The facts as set out by the Plaintiff herein do not establish that Defendant Williams acted with deliberate indifference to Plaintiff's serious medical need. "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort. The known risk of injury must be 'a strong likelihood, rather than a mere possibility'". *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle* , 429 U.S. 97, and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). The Plaintiff does not dispute Defendant Williams' testimony and the evidence of record, including Plaintiff's medical records, establishing that the Plaintiff was provided medical treatment when he requested such treatment during his incarceration at the Athens-Clarke County Jail. Nor does Plaintiff dispute Defendant William's testimony that she does not control the content or delivery of his meals. The facts before the Court do not reveal that Defendant Williams acted with deliberate indifference to Plaintiff's serious medical needs in regard to the provision of his diabetic diet. "It is not enough merely to find that a reasonable person would have known, or that the defendant should have known [of a substantial risk of serious harm to the plaintiff]." *Farmer v. Brennan*, 511 U.S. 825, 843 n.8 (1994).

Based on the Plaintiff's failure to overcome Defendant Williams' summary judgment showing that Defendant Williams did not act with deliberate indifference to a serious medical need, inasmuch as Williams had no control over the provision of inmate meals, it is the recommendation of the undersigned that Defendant Williams' Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the

recommendations set out herein with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of these recommendations.

*Motions seeking a trial*

Plaintiff's motions demanding a trial are **DENIED** as premature. (Docs. 34, 57). When and if it is appropriate to set this matter for trial, the district judge to whom this matter is assigned will issue such a determination.

**SO ORDERED AND RECOMMENDED**, this 18th day of May, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb